David R. Ongaro (State Bar No. 154698)
dongaro@ongaropc.com
ONGARO PC
50 California Street, Suite 3325
San Francisco, CA 94111
Telephone: (415) 433-3900
Facsimile: (415) 433-3950

Attorneys for Plaintiff
IGOR A. ALATORTEV, individually,
and on behalf of a class of others similarly situated

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IGOR A. ALATORTEV, individually, and on behalf of a class of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JETBLUE AIRWAYS, INC., a Delaware corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT – CLASS ACTION**<br><br>**JURY TRIAL REQUESTED** |

Plaintiff Igor Alatortev, individually, and on behalf of all others similarly situated ("Plaintiff"), by and through his counsel, for Complaint against JetBlue Airways Inc., (hereinafter "Defendant") hereby states and alleges as follows:

**I. INTRODUCTION**

1. In June of 2015, Defendant, who had long touted its free baggage policy, began charging all domestic travelers a fee for the handling and transportation of passengers' bags to their destinations.

2. Defendant JetBlue Airways, Inc. ("JetBlue") was one of the last major carriers to implement these charges in the United States.

3. As a result, on most fares for domestic flights in the United States Defendant charged passengers a fee of $25 for the first bag checked (or $20 under certain conditions), $35 for the second bag, and $100 for a third bag.

4. Along with Defendant's imposition of these new baggage fees came its obligation to handle passenger baggage with care and deliver it to the passenger's ultimate destination with the passenger.

5. Defendant breaches its agreements with passengers each time they damage, delay, or lose baggage and fail to refund the baggage fee to the affected passenger.

6. Although loss or delay of some baggage may be unavoidable, Defendant is not entitled to retain the baggage fee collected from passengers whose baggage they have lost, damaged, or delayed.

7. Although JetBlue promises to reimburse the fees charges for transportation of a lost bag, they instead give vouchers, which require the customer to purchase further flights with JetBlue to redeem. In addition, the vouchers have one year expiration dates.

8. In other words, at no time does JetBlue ever refund the consideration paid to the customer when their bag is delayed—they instead simply attempt to make more money after the failed service.

**II. JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction based on the Class Action Fairness Act, 28 U.S.C. § 1332 (d)(2).

10. Defendant routinely conducts business in California and with the residents of this jurisdiction.

11. Plaintiff Alatortev purchased and paid the baggage fee at Boston in Suffolk County, Massachusetts. Plaintiff learned that his baggage was lost by Defendant upon his arrival in San Francisco, California.

12. Plaintiff is a resident and citizen of Sacramento County, California.

13. Upon information and belief, Defendant is a Delaware corporation, conducting business in the State of California and nationwide.

14. The amount in controversy exceeds $5,000,000 when the claims of the class members are aggregated.

15. According to the Department of Transportation ("DOT"), JetBlue mishandled over 3,000 bags in October 2016 alone.

16. Therefore, a refund of all fees charged to passengers during the statute of limitations would far exceed the jurisdiction requirements of CAFA.

17. Venue is proper in this action under 28 U.S.C. § 1391(c).

**III. GENERAL ALLEGATIONS**

18. Defendant JetBlue is domestic airline passenger carrier based out of its corporate headquarters in Long Island City, New York.

19. Defendant is a multi-billion dollar publicly traded company, trading on the NASDAQ.

20. In 2015 Defendant JetBlue—who often touting tits "no fee" policy—made news by joining the rest of the industry in an extremely lucrative billion dollar annual revenue grab originally created by American Airlines in 2008 by adding the service of baggage fee.

21. Defendant's choice to create this new service worked, as upon the announcement of the change in policy JetBlue's stock climbed by 2.5%.

22. Defendant charged their baggage fees in addition to the amount already charged for the passenger's airline ticket.

23. At the time the fee was implemented JetBlue was quick to claim it was not a junk fee, or "not a scheme to take a lot of stuff away and make you buy it back" as stated by Marty St. George, Executive Vice President of JetBlue.

24. Instead Defendant took the deliberate "self-imposed" undertaking to create a baggage fee, set the baggage fee, and require its passengers to pay the baggage fee.

25. At airports across the country, as well as at kiosks, and online, at Defendant's sole direction and undertaking, personnel began representing to passengers that a fee was now required for timely delivery of their checked baggage.

26. In fact the carrier required passengers to deliver the baggage at least 40 minutes prior to the flight (or 60 minutes on an international flight), as a condition precedence before it would agree to the service. (*See* Contract of Carriage Paragraph 20, attached as Exhibit A.)[1]

27. Thus, in a transaction separate and apart from the customer's purchase of the airline ticket, Defendant began charging passengers a checked baggage fee.

28. Upon acceptance of the passengers' bags along with their baggage fees, Defendant incurred the obligation to not lose or damage the baggage or delay its delivery.

29. Notwithstanding these representations and obligations, Defendant loses, damages, destroys, and/or delays the delivery of a large percentage of bags each day on flights within, and originating from, the United States.

30. On or about May 12, 2017, Plaintiff and his wife Olga Garicichina were charged a fee of $25 for the handling and delivery of her bag from Boston, Massachusetts, to Sacramento, California. Plaintiff and his spouse were then advised that their flight would be diverted to San Francisco, California.

31. Upon arrival in San Francisco, California they discovered, and it was confirmed, that their bag had been lost.

---

[1] All references are to the carriage contract in effect during the Alatortev flight, which is attached hereto as Exhibit A

32. JetBlue did not ultimately deliver the bag until May 15, 2017 when Plaintiff had to return to the airport and pick it up.

33. JetBlue consistent with its policies and procedures did not refund their fee, instead only offering a credit, which required Plaintiff to do business with them in the future.

34. Plaintiff now brings this suit on behalf of himself and others similarly situated, for a refund of the baggage fees charged by Defendant for failing to timely deliver their baggage and for otherwise losing, damaging, or destroying baggage during travel in the United States as well as on flights originating from the United States to foreign destinations.

35. Defendant has breached their self-imposed undertaking with Plaintiff under both state and federal common law, and a remedy is sought and exists both in law and in equity.

### IV. CLASS ACTION ALLEGATIONS

36. Plaintiff brings a class action pursuant to Civil Rule 23, on behalf of himself and as a representative of the following persons:

> All passengers who flew on a flight originating in the United States, who were charged a baggage fee, and who had their bag lost, delayed, damaged, and/or destroyed while it was in the custody and control of Defendant.

37. Plaintiff's claims satisfy the numerosity, commonality, typicality, adequacy of representation and superiority requirements for class action certification pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1), 23(b)(2), and 23(b)(3).

38. The class satisfies the numerosity standards. The class is believed to number in the thousands of persons. As a result, joinder of all class members in a single action is impracticable.

39. Defendant is in exclusive possession of the exact number of the class and such discovery should be provided immediately. Class members may be informed of the pendency of this class action through direct mail.

40. There are questions of fact and law common to the class, which predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

(1) Whether Defendant breaches its agreements with passengers from whom they have collected a baggage fee each time they fail to timely deliver the baggage to passengers, free from damage, at the agreed-upon destination.

(2) Whether Defendant breaches its agreements with passengers from whom they have collected a baggage fee each time they damage or destroy the baggage.

(3) Whether Defendant is obligated to refund the baggage fee charged to class members each time they fail to timely deliver the baggage to passengers, free from damage, at the agreed-upon destination.

(4) Whether Defendant is obligated to refund the baggage fee charged to class members each time they damage or destroy the baggage.

41. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of Plaintiff's claims.

42. Plaintiff's claims are typical of those of the class in that they were charged a baggage fee and were not refunded the fee even though their bags failed to arrive with them at their destinations.

43. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

44. Further, Defendant has failed to take action as required under common law, on grounds applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief as respect to the class as a whole necessary and appropriate.

45. Plaintiff is an adequate representative of the class because they are members of the class and their interests do not conflict with the interests of the members of the class they seek to represent. The interests of the members of the class will be fairly and adequately protected by

1  Plaintiff and his undersigned counsel, who have extensive experience prosecuting and defending
2  complex class-action litigation.
3      46.    Maintenance of this action as a class action is a fair and efficient method for the
4  adjudication of this controversy.  It would be impractical and undesirable for each member of the
5  class who suffered harm to bring a separate action.  In addition, the maintenance of separate
6  actions would place a substantial and unnecessary burden on the courts and could result in
7  inconsistent adjudications, while a single class action can determine, with judicial economy, the
8  rights of all class members.

## COUNT I

### Breach of Contract

47. Plaintiff reasserts and re-alleges the allegations set forth in the above paragraphs.

48. Plaintiff brings this claim for relief on behalf of himself and the members of the class.

49. From the start of the Class Period to the present, defendant offered to transport Plaintiff's bag and deliver the bag on time with the passenger.  Jet Blue agreed to reimburse passengers for any fees associated with the transportation of a lost bag.  *See* Exhibit A, 38(a)(3).

50. Each time Defendant charges a passenger a baggage service fee, it enters into a separate contract with the passenger to timely deliver the baggage to the passenger upon arrival at their destination and to deliver the baggage to the passenger undamaged. *See* Exhibit A, 38(a)(3).

51. Plaintiff and Defendant entered into a contract under which Defendant agreed to timely deliver Plaintiff's bag to him upon his arrival at his destination and otherwise handle his bag with care so as not to lose, delay or damage his bag, and Plaintiff.

52. Plaintiff and each member of the Class are parties to contracts, namely baggage service fee contracts, with Defendant that are uniform with respect to the provisions applicable to the claims asserted against Defendant.

53. Plaintiff and the members of the Class have performed all conditions, covenants, and promises required to be performed on their part in accordance with the terms and conditions

1   of the baggage fee contract, except to the extent such performance was excused, released or

2   waived by the actions, conduct or agreement of Defendant.

3       54. Defendant breached its contractual obligations under the baggage service fee

4   contracts with Plaintiff and each member of the Class by failing to timely deliver their baggage to

5   Plaintiff and each member of the Class upon arrival at their destinations, without damage to the

6   baggage, and by not refunding the baggage service fee.

7       55. As a direct and proximate result of Defendant's breach of baggage service fee

8   contract, Plaintiff and each member of the Class have been damaged in an amount according to

9   proof at trial.

10      56. The notice of claims provision in paragraph 22(a) of the carriage contract does not

11  apply to as that provision only applies to loss or damage suffered by the customer and not the

12  return of the consideration (fees) for failure to deliver the bags on time.  Plaintiff's interpretation

13  of the contract is substantiated by the fact the exact language appears in JetBlue's carriage

14  contracts that were in effect at least 8 years before they instituted their baggage fee policy and

15  was not altered or updated when baggage fees were instituted in 2015.

16      57.  In other words, the only reasonable interpretation is that Paragraph 22 references

17  the damage caps which apply to losing one's personal possessions, or the delay of those

18  possessions when one submits a claim under the longstanding FAA guidelines for domestic

19  travel, *not* for the consideration tendered in the voluntary undertaking of baggage transportation

20  initiated by the carrier in 2015.

### COUNT II

### Unjust Enrichment/ Quasi Contract

23      58. Plaintiff reasserts and re-alleges the allegations set forth in the above paragraphs.

24      59. Plaintiff conferred a benefit upon Defendant when they paid the baggage fees, and

25  upon acceptance of the baggage fees Defendant had knowledge of the benefit.

26      60. Imposition of these baggage fees enriched Defendant and increased their revenue,

27  as was their intention.  Defendant's acceptance of these fees imposed upon them an obligation to

28  deliver the baggage, along with the passenger, to the agreed-upon destination, and to refrain from

1  damaging or destroying the baggage.  This obligation was self-imposed with Defendant's choice
2  to create the baggage fee.
3       61.   Defendant's retention of the baggage fees becomes unjust, however, when
4  Defendant fails to timely deliver a customer's bag to the agreed-upon destination without
5  damage.
6       62.   By retaining the baggage fee in such instances, Defendant has been unjustly
7  enriched under both state and federal common law.
8       63.   Plaintiff was, and all others similarly situated were, thereby damaged in an
9  amount to be determined at trial.

## COUNT III

### Breach of the Covenant of Good Faith and Fair Dealing

12      64.   Plaintiff reasserts and re-alleges the allegations set forth in the above paragraphs.
13      65.   Implicit in every agreement is the covenant of good faith and fair dealing.
14      66.   When Defendant collects a baggage fee for checked baggage, acceptance of that
15  fee from the passenger obligates the airline to timely transport the passenger's baggage to its
16  agreed upon destination free of damage.
17      67.   In failing to refund the baggage fee to Plaintiff, and all others whose baggage they
18  failed to timely deliver free of damage, Defendant breached the covenant of good faith and fair
19  dealing under both state and federal common law.
20      68.   Plaintiff was, and all others similarly situated were, thereby damaged in an
21  amount to be determined at trial.

## VI. PRAYER FOR RELIEF

23      WHEREFORE, Plaintiff and all others similarly situated, demands judgment against
24  Defendant and pray for:
25      A.    Order Defendant to make Plaintiff and the other class members whole by
26  immediately refunding all baggage fees charged for a bag that was lost, damaged, or delayed.
27      B.    Order Defendant to provide full restitution to Plaintiff and other class members.
28

C.  Order Defendant to make Plaintiff and the other class members whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in the above paragraphs, including out-of-pocket expenses, in amounts to be determined at trial.

D.  Order Defendant to make Plaintiff and the other class members whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in the above paragraphs, in amounts to be determined at trial.

E.  Order Defendant to make Plaintiff and the other class members whole by providing appropriate prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices.

F.  Award Plaintiff and the other class members the costs of this action, including attorneys' fees.

G.  Grant any additional or further relief as provided by law, which this Court finds appropriate, equitable, or just.

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury.

## VIII. DESIGNATION OF PLACE OF TRIAL

Plaintiff designates San Francisco, California as the place of trial.

DATED:  August 21, 2017         **ONGARO PC**

By: *s/David Ongaro*
      David Ongaro
      Attorneys for Plaintiff

9
CLASS ACTION COMPLAINT