United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGOR A. ALATORTEV,<br><br>    Plaintiff,<br><br>    v.<br><br>JETBLUE AIRWAYS CORP.,<br><br>    Defendant. | Case No. 3:17-cv-04859-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Re: Dkt. No. 34 |

## INTRODUCTION

Plaintiff Igor Alatortev and his wife paid JetBlue Airways, Inc. a baggage fee of $25 to check a bag on a domestic flight. I previously dismissed his claims for breach of contract, unjust enrichment/quasi contract, and breach of the implied covenant of good faith and fair dealing because he failed to state a claim upon which relief could be granted. He has reframed his complaint to focus on a single sentence excerpted from JetBlue's Contract of Carriage ("COC"). Because I must interpret the contract as a whole, his claims fail. JetBlue's motion to dismiss is GRANTED. Alatortev's complaint is DISMISSED WITH PREJUDICE.

# BACKGROUND

## I. FACTUAL BACKGROUND

### A. Contract of Carriage[1]

In June 2015, Defendant JetBlue Airways, Inc. ("JetBlue") instituted a new policy to charge a passenger traveling on domestic flights a fee of $25 for the first bag checked (or $20 under certain conditions), $35 for the second bag, and $100 for a third bag. First Am. Compl. ¶¶ 1–3 ("FAC")(Dkt. No. 1). The baggage fee is charged "in a transaction separate and apart from the passenger's purchase of the airline ticket[.]" *Id.* ¶ 20. According to Alatortev, when JetBlue accepts a passenger's bag along with the baggage fee, it "incurs the obligation to check the [passenger's] bag[] for the flight[] on which [he is] traveling." *Id.* ¶ 21.

The COC provides that:
> Carrier will check the baggage of a fare-paying Passenger for the flight on which the Passenger is traveling. Passenger may not check baggage for transportation on any flight other than the flight on which the Passenger is traveling. Carrier will not check baggage to a destination other than the final destination on the Passenger's reservation.

COC ¶ 11.

The COC's "Notice of Claims" provision states:
> For domestic transportation, initial notice of any claim for loss, damage, or delay in delivery of baggage must be given at any Passenger service counter or any office of Carrier within four (4) hours after arrival of the flight on which the loss, damage or delay is alleged to have occurred. Confirming written notice of any baggage related claim, and initial written notice of any other type of claim against Carrier, with appropriate details of the claim, must be given to Carrier not more than twenty-one (21) days after occurrence of the event giving rise to the claim. Failure to give notice within these time limits will not bar the claim if the claimant establishes to the satisfaction of Carrier that he/she was unable to give such notice.
>
> For domestic transportation, legal action on any claim described above must be brought within one (1) year of Carrier's written denial, in whole or in part, of the claim.

---

[1] Alatortev attached to his complaint JetBlue's Contract of Carriage ("COC"), to which each passenger agrees to be bound when he makes a reservation or accepts transportation on JetBlue. *See* COC at 1 (FAC Ex. A). Because Alatortev physically attached to his complaint JetBlue's COC, it is properly considered at the motion to dismiss stage. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1556 n.19 (9th Cir. 1989) ("[M]aterial which is properly submitted as part of the complaint may be considered [when ruling on a 12(b)(6) motion].").

COC ¶ 22(A).

In the section entitled "Failure to Operate as Scheduled," JetBlue states that it "will endeavor to carry Passengers and their baggage with reasonable dispatch, but times shown in schedules or elsewhere are not guaranteed and form no part of this Contract of Carriage." COC ¶ 25(B). In addition, it provides that "[a]ll schedules are subject to change without notice." *Id*.

It also incorporates a "Passenger Service Plan" into the COC. *See* COC ¶ 38. Within this section, JetBlue states

> Carrier will endeavor to deliver baggage on time, including making every reasonable effort to return mishandled bags within twenty-four (24) hours, reimbursing Passengers for reasonable expenses that occur because of any delay on domestic flights … and reimbursing Passengers for any fees associated with transportation of a lost bag.

COC ¶ 38(a)(3).

Alatortev highlights that JetBlue imposes several conditions precedent to its obligation to check a passenger's bag on his flight. *Id*. ¶ 19. For example, fare-paying passengers are required to:

> (1) [] present items that are "to be checked as baggage [more] than forty (40) minutes before scheduled domestic flight departure and sixty (60) minutes before scheduled international flight departure[;]" (2) [] "have current identification tag or label on the outside [of each piece of baggage] containing [their] name, address and telephone number[;]" (3) [] "check baggage for transportation on . . . the flight on which [they are] traveling[;]" and (4) to "check baggage to . . . the final destination on [their] reservation[;]" (5) to pay a fare to travel on the plane; and (6) to pay the required baggage fee.

FAC ¶ 21 (quoting COC ¶¶ 11, 20).

**B.  Federal Aviation Regulations Concerning Checked Baggage[2]**

The United States Department of Transportation regulates consumer protection rules related to the carriage of baggage. *See, e.g.*, Part 254—Domestic Baggage Liability (Mot. to Dismiss, Ex. A.; Dkt. No. 18-1). The Federal Aviation Regulations (the "FAR") permits air carriers to limit their liability for lost, delayed, or damaged baggage during domestic carriage. *See*

---

[2] JetBlue did not explicitly renew its request for judicial notice of the federal regulations and other materials issued by the Government. But it incorporated its prior motion, which requested judicial notice (Mot. to Dismiss at 3 n.3), and noted that I previously took judicial notice of this material (MTD FAC at 5 n.3)(citing Prior Order at 3 n.2).

3

14 C.F.R. § 254.4 ("[A]n air carrier shall not limit its liability for provable direct or consequential damages resulting from the disappearance of, damage to, or delay in delivery of a passenger's … baggage … to an amount less than $3,500 for each passenger"). The 2011 regulations include a section entitled, "Enhanced Protections for Airline Passengers," which requires carriers to adopt a Customer Service Plan.[3] *See* 14 C.F.R. § 259.5. A carrier's Customer Service Plan must address an enumerated list of subjects and comply with the following "minimum standard[]":

> Delivering baggage on time, including making every reasonable effort to return mishandled baggage within twenty-four hours, compensating passengers for reasonable expenses that result due to delay in delivery, as required by 14 CFR part 254 for domestic flights … and reimbursing passengers for any fee charged to transport a bag if that bag is lost[.]

14 C.F.R. § 259.5.

In 2016, Congress directed the DOT to adopt additional consumer protection regulations that would require carriers to refund baggage fees if a bag is delayed for a set amount of time (as determined by DOT). *See* Pub. L. No. 114-190 (July 15, 2016). The comment period was due to end on January 17, 2017. *See* Advanced Notice of Public Rulemaking (Mot. to Dismiss, Ex. D; Dkt. No. 18-4). To date, no further action has been taken. *See* DOT Docket No. DOT-OST-2016-0208.

### C. Plaintiff's Allegations[4]

On or about May 12, 2017, Alatortev paid a fee of $25 for JetBlue to deliver a bag from Boston, Massachusetts, to Sacramento, California. FAC ¶ 24. According to Alatortev, he and his wife were "advised that their flight would be diverted to San Francisco, California." *Id*. Once

---

[3] JetBlue has incorporated its Customer Service Plan into its Contract of Carriage. COC ¶ 38.

[4] JetBlue repeats its assertion that "the actual facts are not as [Alatortev] alleges." Mot. to Dismiss FAC at 1 n.1 (Dkt. No. 35)(citing Mot. To Dismiss at 3, Dkt. No. 18, which stated:

> "There was no "diversion" to San Francisco: Plaintiff and his wife— after checking the bag to Sacramento—agreed to be re-booked to San Francisco because of delays in their original Sacramento itinerary. Plaintiff's wife's bag traveled to Sacramento as originally checked, and was located within 24 hours of Plaintiff's arrival. Plaintiff opted to pick up the bag at the airport, and was issued—and accepted—a $60 voucher for the inconvenience.")

they arrived in San Francisco, "they discovered, and it was confirmed, that their bag had not been checked for their San Francisco flight." *Id*. ¶ 25.

Alatortev alleges that "JetBlue did not ultimately deliver the bag until May 15, 2017, when [he] had to return to the airport and pick it up." FAC ¶ 26. JetBlue did not refund the baggage fee but instead offered him a credit that would require him to do business with JetBlue in the future. *Id*. ¶ 27.

## II. PROCEDURAL HISTORY

On August 21, 2017, Alatortev filed this complaint purporting to represent a nationwide class of other similarly situated domestic travelers "who were charged a baggage fee, and who had their bag lost, delayed, damaged, and/or destroyed while it was in the custody and control of [JetBlue]." Compl. ¶¶ 34, 36 (Dkt. No. 1). JetBlue moved to dismiss the complaint on several grounds (Dkt. No. 17), which I granted with leave to amend because Alatortev failed to state a claim upon which relief could be granted. Order Granting Mot. to Dismiss ("Prior Order")(Dkt. No. 31).

On March 9, 2018, Alatortev filed an amended complaint that focused on JetBlue's alleged obligation to check a passenger's baggage for the flight on which the passenger travels, as opposed to its obligation to deliver bags on time. *See generally* FAC. He purports to represent a class of "[a]ll passengers who flew on a flight originating in the United States, who were charged a baggage fee, and whose baggage was not checked for the flight on which they were traveling while their baggage was in the custody and control of [JetBlue]." FAC ¶ 30. He asserts causes of action for (1) breach of contract, *see* FAC ¶¶ 41–49; (2) unjust enrichment/quasi contract, *see id.* ¶¶ 50–55; and (3) breach of the covenant of good faith and fair dealing, *see id.* ¶¶ 56–60. He seeks an order that JetBlue "immediately refund[] all baggage fees charged for a bag that was not checked for the flight on which the passenger was traveling[,]" as well as other compensatory and restitutionary relief. *See* FAC Prayer for Relief at 8.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to

5

dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

**DISCUSSION**

Alatortev has reframed his complaint to focus on JetBlue's purported obligation to check the baggage of a fare-paying passenger for the flight on which the passenger travels. He insists that this promise is distinguishable from obligations related to "lost," "delayed," or "damaged" bags. He claims that JetBlue breaches its contract with passengers who have checked a bag every time a bag is not on the same flight as the passenger, and the passenger should be refunded his baggage fee irrespective of whether the passenger is damaged or inconvenienced (i.e., whether the

6

bag is lost or damaged is no longer relevant; under Alatortev's construction, a passenger would be entitled to a refund even if the bag arrived at the passenger's destination before the passenger). JetBlue distills the issue down to a "central" question—"does JetBlue breach the COC whenever a checked bag does not fly on the same aircraft as does its owner and JetBlue does not refund the bag fee for that bag?" Mot. to Dismiss First Am. Compl. at 4 ("MTD FAC")(Dkt. No. 35).

To state a claim for breach of contract, a plaintiff must plausibly plead "the existence of the contract, performance by the plaintiff or excuse for nonperformance, breach by the defendant and damages." *First Commercial Mortg. Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001). Before, I held that his complaint failed to state a claim for breach of contract because it was not based on the parties' bargain; rather, it attempted to enhance JetBlue's obligations based on state laws or policies external to the agreement. *See generally* Prior Order (Dkt. No. 31). As a result, his breach of contract claim was preempted by the Airline Deregulation Act (ADA) because it was not protected by the so-called *Wolens* exception. *See id*. at 1 ("The preemption analysis depends on Alatortev's ability to state a breach of contract claim based on JetBlue's 'self-imposed undertaking' and not a 'State-imposed obligation[.]'"); *id*. at 6–11 (analyzing whether Alatortev's breach of contract claim was preempted by the ADA).

Now Alatortev firmly roots his breach of contract claim in the language of the COC, which includes the line that JetBlue "will check the baggage of a fare-paying Passenger for the flight on which the Passenger is traveling." COC ¶ 11. The problem with this argument is that Alatortev improperly limits his interpretation of the entire COC to this single sentence.

Under California law, "[t]he whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other." Cal. Civ. Code § 1641; *see also People ex rel. Dep't of Parks & Recreation v. W.-A-Rama, Inc.*, 35 Cal. App. 3d 786, 793 (Ct. App. 1973)("It is a cardinal rule of construction that a contract is to be construed as a whole, effecting harmony among and giving meaning to all the parts thereof."). Accordingly, an appropriate analysis of Alatortev's claim for reimbursement of his baggage fee based on JetBlue's purported breach of contract must consider the entire contract, including the only provision of the COC to address reimbursement—section 38(A)(3):

7

> Carrier will endeavor to deliver baggage on time, including making every reasonable effort to return mishandled bags within twenty-four (24) hours, reimbursing Passengers for reasonable expenses that occur because of any delay on domestic flights … and reimbursing Passengers for any fees associated with transportation of a lost bag.

COC ¶ 38(a)(3). As I previously noted, "this language does not provide an express commitment to deliver baggage on-time." Prior Order at 10 (citing *Hickcox-Huffman v. US Airways, Inc.*, 855 F.3d 1057, 1064 (9th Cir. 2017)).[5]

Alatortev removes any reference to this provision from his amended complaint and his opposition insists that he "does not bring his contract claims under provision 38 … ." Opp'n at 5; *see generally* FAC. That the FAC ignores this provision does not justify overlooking it, since his complaint clearly alleges that his bag was delayed.[6] *See* FAC ¶ 26 ("Defendant did not ultimately deliver the bag until May 15, 2017, when Plaintiff had to return to the airport and pick it up."). JetBlue correctly notes, "the COC (in accord [with] DOT regulations) provides no fee reimbursement remedy for bag delays." MTD FAC at 7.

Alatortev cannot state a claim for breach of contract even if I ignore the impropriety of the remedy he seeks. He aims to base his claim on a single sentence from the COC—"Carrier will check the baggage of a fare-paying Passenger for the flight on which the Passenger is traveling." COC ¶ 11. As a preliminary matter, this excerpted portion is preceded by an explicit condition, "Subject to the restrictions set forth below… ." *Id*. Alatortev insists that this portion is intended to reference the conditions listed within paragraph 11, which he did. Opp'n at 6. But if I accept

---

[5] Alatortev requests judicial notice of the amended complaint in *Hickcox-Huffman v. US Airways, Inc.*, No. C10-05193 HRL, Docket No. 21. Request for Judicial Notice ("RJN")(Dkt. No. 37); *see* RJN, Ex. A. He indicates that he "is not asking for the Court to take judicial notice of the matters asserted in Exhibit A, but rather to establish the fact of such litigation." RJN at 1–2. But in his opposition to JetBlue's motion, he "invites the Court to compare this nearly identical breach of contract claim with the 'Breach of Express Contract' claim" via his RJN. Opp'n at 5 n.1 (Dkt. No. 36). Given the apparent inconsistency in these positions (and the lack of value in judicially noticing the *Hickcox-Huffman* complaint), his request is DENIED.

[6] Alatortev unsuccessfully attempts to avoid this conclusion so that he can argue that the notice provision of paragraph 22 does not apply to his claim. *See* Opp'n at 9 ("Provision 22 does not apply to Plaintiff's claims as Plaintiff is not making a claim 'for loss, damage, or delay in delivery of baggage' under provision 22."). But his claim depends on his allegation that the bag was delivered to the airport approximately three days after he arrived (i.e., it was delayed). Otherwise, he runs into another insurmountable hurdle—that he has not suffered the requisite harm for him to have standing to pursue his claim or the damage necessary to state a breach of contract claim.

Alatortev's interpretation that the "restrictions" referenced are limited to the conditions listed in paragraph 11, I still must read the sentence in context of the rest of the provision, which discusses "checked baggage general[ly.]" COC ¶ 11 (capitalization omitted). According to JetBlue, the two sentences following the first sentence clarify that this provision "is intended as a limitation on passengers' ability to check bags to destinations to which they are not flying." MTD FAC at 8. In other words, this provision "is properly construed as an effort to prevent passengers from unilaterally transforming JetBlue into a parcel carrier." *Id*.

Alatortev argues that JetBlue's "position defies the plain language of the COC… ." Opp'n at 7. I disagree. Reading the provision in the context of the entire contract makes it clear that the COC explicitly addresses the possibility that checked bags may be separated from their owners and potentially delayed in delivery. *See, e.g.*, COC ¶¶ 18(B), 25(B), 38(A)(3). Alatortev aims to brush aside these other provisions by highlighting JetBlue's prior argument that these terms contain mere "precatory language." *See* Opp'n at 8 (quoting COC, Mot. to Dismiss and Reply in support of Mot. to Dismiss). But Alatortev misconstrues JetBlue's arguments. JetBlue does not "contradict[] itself by arguing on one hand, provisions 18, 25, and 38 are enforceable and by arguing on the other hand, provisions 18, 25, and 38 are mere aspirations." *See id.* To the contrary, it argues that the entire contract must be considered and enforced, and the contractual language simply does not include the obligations Alatortev seeks to impose. There is nothing inconsistent about this approach.

These remaining provisions establish that Alatortev's interpretation of the first sentence of paragraph 11 is unreasonable. It cannot be that JetBlue promises to check a bag on the same flight as a passenger while at the same time expressly and repeatedly outlining circumstances in which this promise will be broken. *See People ex rel. Dep't of Parks & Recreation*, 35 Cal. App. 3d at 793 ("It is a cardinal rule of construction that a contract is to be construed as a whole, effecting harmony among and giving meaning to all the parts thereof."). Reading the first sentence of paragraph 11 in relation to the contract as a whole does not render it meaningless. The alternative reading endorsed by Alatortev, however, would lead to the absurd possibilities that a passenger could recover damages if he was rebooked on an earlier flight than his baggage or if baggage

9

preceded the passenger to the destination. *See Gen. Cas. Co. of Am. v. Azteca Films, Inc.*, 278 F.2d 161, 168 (9th Cir. 1960)("Under California law where a written agreement attempts to cover all relationships of the contracting parties, interpretation to be given the contract is determined, as a matter of law, solely from the instrument itself, if possible, without making any part of the instrument nugatory, or without reaching an absurdity… .").

Alatortev's other derivative claims fare no better. His "unjust enrichment/quasi contract" claim is based on the same allegations underlying his express breach of contract claim. *See* FAC ¶ 53 ("Defendant's retention of the baggage fees becomes unjust, however, when Defendant fails to check a passenger's bag for the flight on which he or she is traveling, particularly because Defendant self-imposed an obligation to check a passenger's bag for the flight on which he or she is traveling."). A claim for unjust enrichment/quasi-contract "does not lie when an enforceable, binding agreement exists defining the rights of the parties." *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996).

And his claim for breach of the covenant of good faith and fair dealing falls with his breach of contract claim. "It is universally recognized the scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract." *Carma Developers (Cal.), Inc. v. Marathon Dev. California, Inc.*, 2 Cal. 4th 342, 373 (1992). *See also Zody v. Microsoft Corp.*, No. 12-CV-00942-YGR, 2012 WL 1747844, at *4 (N.D. Cal. May 16, 2012) ("Thus, because the Court holds that the breach of contract claim must be dismissed, the implied covenant claim must follow suit.").

Alatortev fails to state a claim upon which relief is granted.[7]

## CONCLUSION

In accordance with the foregoing, JetBlue's motion is GRANTED and Alatortev's amended complaint is DISMISSED WITH PREJUDICE. Judgment will be entered in favor of

---

[7] Because I reach this conclusion, I need not address JetBlue's additional arguments that Alatortev's claims are expressly preempted by the ADA, impliedly preempted by DOT regulations, independently fail under the COC's notice provision, and fail as to the purported nationwide class due to lack of personal jurisdiction over JetBlue in California. *See* MTD FAC at 12–22; Reply at 7–14 (Dkt. No. 38).

defendant.

**IT IS SO ORDERED.**

Dated: June 6, 2018

William H. Orrick
United States District Judge